UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EMILIO VIDAL VALENCIA and MANUEL
VILLA, Individually and on Behalf of All Others
Similarly Situated and as Class Representative,

       Plaintiff,        15-cv-701 (PKC)

  -against-           ORDER


MAVIMA RESTAURANT, INC. d/b/a BRIO
RESTAURANT, MASSIMO SCODITTI SR.,
MASSIMO CARBONE, MASSIMO SCODITTI
JR., and DAMIEN SCODITTI,

       Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiff Emilio Vidal Valencia moves to amend his Complaint to add a second named plaintiff and six additional defendants. (Docket # 27.) Valencia brings claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") directed to Valencia's employment at Brio Restaurant ("Brio Uptown"). His claims are brought as a putative collective action under the FLSA and putative class action under the NYLL.

    The Proposed Second Amended Complaint ("PSAC") seeks to add as defendants Elizabeth Scoditti, Damien Scoditti, Joel Hollander, Steven G. Gallo, Robert Spiegel and Scoditti Consulting Group Inc., doing business as Brio Downtown NYC ("Brio Downtown"). (Docket # 28-30.) The PSAC asserts that Brio Uptown and Brio Downtown operated as a single and integrated enterprise, and adopted common wage and employment policies. Proposed defendants Joel Hollander, Steven G. Gallo and Robert Spiegel were allegedly principals of Brio Downtown. The PSAC also seeks to name as defendants Elizabeth Scoditti and Damien Scoditti,

who allegedly had managerial responsibilities at Brio Uptown.  Separately, plaintiff proposes to add a second named plaintiff, Manuel Villa.  Villa allegedly worked at Brio Uptown from April 2004 through May 10, 2015.  (PSAC ¶ 45.)

        The motion is denied on grounds of futility as to Elizabeth Scoditti, because the PSAC fails to plausibly allege that her duties at Brio Uptown gave her the status of an employer.  The balance of the motion relating to Brio Downtown is denied on grounds of futility.  The allegations concerning Brio Downtown are conclusory, based upon information and belief, and drawn from three shifts worked by Valencia and Villa during their combined 19 years as employees of Brio Uptown.  The PSAC fails to plausibly allege that Brio Downtown and Brio Uptown operated a single and integrated enterprise.  The motion to amend is granted insofar as it seeks to add Manuel Villa as a named plaintiff.  It is also granted to add Damien Scoditti on claims relating to Brio Uptown, but otherwise denied.[1]

STANDARD ON A MOTION TO AMEND.

        Rule 15(a)(2), Fed. R. Civ. P., provides that a party may amend its pleading with leave of the court, and that a "court should freely give leave when justice so requires."  "This permissive standard is consistent with our strong preference for resolving disputes on the merits."  Williams v. Citigroup. Inc., 659 F.3d 208, 212-13 (2d Cir. 2011) (internal citation and quotation marks omitted).  "'[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment' will serve to prevent an amendment prior to trial."  Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87-88 (2d Cir. 2002) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  An

---

[1] The Clerk is directed to amend the caption to conform to this Memorandum and Order.

amendment to a pleading is considered futile "if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Id. at 88.

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted, "a complaint must contain . . . sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a complaint, courts draw all reasonable inferences in favor of the non-movant. See Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). Legal conclusions, however, are not entitled to any presumption of truth, and a court assessing the sufficiency of a complaint disregards them. Iqbal, 556 U.S. at 678. Instead, the court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

In opposition to the motion, the defendants have made evidentiary submissions and raised arguments that dispute the facts alleged in the PSAC. Because a court may not resolve factual disputes on a motion to dismiss under Rule 12(b)(6), and because futility is determined using the Rule 12(b)(6) standard, the Court does not consider the extrinsic evidence cited by defendants. See, e.g., Fin. Guaranty Ins. Co. v. Putnam Advisory Co., 783 F.3d 395, 405 (2d Cir. 2015) (factual dispute "is inappropriate for resolution on a motion to dismiss.").

DISCUSSION.

    I.    The Motion to Amend Is Denied as to Elizabeth Scoditti.

The PSAC alleges upon information and belief that Elizabeth Scoditti was "a principal, officer and/or manager" of Brio Uptown. (PSAC ¶¶ 11-12.) It also alleges, upon information and belief, that Elizabeth Scoditti "controlled the rates and methods of payment" for

Brio Uptown employees. (PSAC ¶ 55.) It excludes her from the list of individual defendants alleged to be responsible for setting wages and supervising, hiring and firing employees at Brio Uptown. (PSAC ¶¶ 57, 59.) The only allegation about Elizabeth Scoditti that is not made on information and belief is an assertion that she was responsible for signing employee paychecks, and was the employees' contact for their 401(k) plans. (PSAC ¶ 56.)

As noted, at the Rule 12(b)(6) stage, the Court accepts as true all non-conclusory factual allegations, and draws every inference in favor of the plaintiff as non-movant. See generally Iqbal, 556 U.S. at 678. To the extent that the defendants dispute Elizabeth Scoditti's alleged role in signing paychecks and offer evidence concerning her duties at Brio Uptown, such matters are not properly considered as part of a motion to dismiss. See generally Fin. Guaranty Ins. Co., 783 F.3d at 405. The Complaint makes the non-conclusory allegation that Elizabeth Scoditti signed paychecks for employees of Brio Uptown, and in determining whether an individual was an employer under the FLSA, a "key question is whether the defendant had the authority to sign paychecks throughout the relevant period . . . ." Irizarry v. Catsimatidis, 722 F.3d 99, 115 (2d Cir. 2013); see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 140 (2d Cir. 1999) (evidence that defendant signed payroll checks "on at least three occasions" was relevant to determining whether defendant controlled methods of payment).

However, this task is not considered in isolation. Courts apply an "economic reality" test, and also look to a defendant's authority to hire and fire employees, supervise employee schedules and conditions of employment and whether the defendant maintained employment records. See, e.g., Irizarry, 722 F.3d at 114-15 (paycheck signature "is not dispositive" of employer status, and courts must weigh several factors to determine whether

defendant was an employer); Herman, 172 F.3d at 139 (reciting non-exhaustive factors to determine employer status).

Aside from Elizabeth Scoditti's role in signing paychecks, the Complaint fails to allege facts that support classifying her as an employer. It does not make factual allegations concerning her authority to hire and fire employees; makes no allegations about her supervision or control of employee works schedules and the conditions of their employment; limits the allegations concerning her role in determining rate and method of payment to her role in signing paychecks; and makes no allegation concerning any role in maintaining employment records. See Irizarry, 722 F.3d at 114-16. It also makes no allegations concerning her authority over the broader "management, supervision and oversight" of Brio Uptown. See id. at 111-14. Standing alongside an unsupported allegation made on information and belief concerning her role in controlling the rates and methods of payment, the allegation that she signed employee paychecks and was the employee contact for 401(k) plans is insufficient to allege that she was an employer under the FLSA.

The motion to amend is therefore denied as futile as to any claim against Elizabeth Scoditti.

## II.    The Motion Is Denied as to Brio Downtown.

Plaintiff's motion is denied to the extent that it seeks to add Brio Downtown as a defendant. The PSAC does not plausibly allege that Brio Uptown and Brio Downtown are joint employers that function as a single integrated enterprise. Separately, it does not set forth plausible allegations concerning the employment practices of Brio Downtown. Because the allegations concerning Brio Downtown fail to state a claim for relief, the motion to amend is denied as futile.

The PSAC alleges, in conclusory fashion, that Brio Downtown and Brio Uptown "operated as a single integrated enterprise." (PSAC ¶ 60.) Although "the Second Circuit has never expressly applied the integrated enterprise test in the FLSA context," Teri v. Spinelli, 980 F. Supp. 2d 366, 372 n.12 (E.D.N.Y. 2013), several courts in this district have treated closely affiliated businesses as a single employer for FLSA purposes. See, e.g., Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (Nathan, J.) (collecting cases). The Court assumes arguendo that FLSA liability may arise as to a single, integrated enterprise. "[I]n appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005) (applying to Title VII claim). For two businesses to be a single or integrated employer, "the plaintiff must establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other." Parker v. Columbia Pictures Indus., 204 F.3d 326, 341 (2d Cir. 2000) (applying to ADA and Title VII claims). "A crucial element of the inquiry focuses on whether the two enterprises exhibit 'centralized control of labor relations,' including tasks such as handling job applications, approving personnel status reports, and exercising veto power over major employment decisions." Id.

The Complaint fails to set forth facts that plausibly allege Brio Uptown and Brio Downtown were a single, integrated enterprise. It alleges that the two restaurants shared employees, a website and social media accounts. (PSAC ¶¶ 62-68.) But their shared use of a website and social media accounts does not go toward the "centralized control of labor relations" or the restaurants' employment practices. See Parker, 204 F.3d at 341. As to the sharing of

employees, plaintiffs Valencia and Villa allege that, between them, they worked three shifts at Brio Downtown during their combined 19 years as employees of Brio Uptown. (PSAC ¶¶ 44, 51.) This does not plausibly allege that the two restaurants shared employees in a manner that plausibly renders them a single and integrated enterprise.

The plaintiffs' allegations concerning Brio Downtown are limited. Plaintiff Valencia alleges that he "predominantly" worked at Brio Uptown, "but on at least one occasion . . . was sent to work at the Brio Downtown location." (PSAC ¶ 44.) Similarly, Villa "predominantly" worked at Brio Uptown, "but on at least two occasions" worked at Brio Downtown. (PSAC ¶ 51.) Neither Villa nor Valencia makes any allegations about compensation or supervision at Brio Downtown, and the Complaint fails to allege unlawful conduct on the part of Brio Downtown. Because the Complaint fails to state a claim as to Brio Downtown, see Iqbal, 556 U.S. at 679, an amendment to name Brio Downtown as a defendant would be futile, see Dougherty, 282 F.3d at 88.

The Complaint also alleges that defendants Massimo Scoditti Sr., Massimo Scoditti Jr. and Massimo Carbone were "principals, officers and/or managers" of both Brio Downtown and Brio Uptown. (PSAC ¶¶ 6, 8, 10, 61.) These allegations about the defendants' roles at Brio Downtown are conclusory, made on information and belief, and fail to set forth the facts on which the belief is founded. (PSAC ¶¶ 6, 8, 10.) Although Twombly and Iqbal do "not prevent a plaintiff from pleading facts on 'information and belief'" if facts are uniquely under a defendant's control, those allegations "must be accompanied by a statement of the facts upon which the belief is founded." JBCHoldings N.Y., LLC v. Pakter, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013) (Engelmayer, J.) (quotation marks omitted); see also Kajoshaj v. N. Y. City Dep't of Educ., 543 Fed. Appx. 11, 15 (2d Cir. 2013) (allegations made on information and

belief must still be supported by facts supporting the allegations' basis). By contrast, the Complaint alleges that these same defendants controlled employee work schedules at Brio Uptown, directed plaintiff Valencia's duties at Brio Uptown, and "exercised close control over the managerial operations of Brio Uptown including the policies and practices concerning employees." (Compl't ¶¶ 57-59.)

Because the PSAC does not plausibly allege that Brio Downtown and Brio Uptown operated as a single integrated enterprise, and does not set forth any separate plausible basis that Brio Downtown violated wage-and-hours laws, the motion to amend is denied as to Brio Downtown.

        III.    <u>The Motion to Amend Is Denied as to Hollander, Gallo and Spiegel.</u>

The PSAC alleges, upon information and belief, that Joel Hollander, Steven G. Gallo and Robert Spiegel each "served as a principal, officer and/or manager of Defendant Brio Downtown." (PSAC ¶¶ 16, 18, 20.) The PSAC includes no additional allegations concerning their conduct, and does not allege that they acted in managerial capacities at Brio Uptown. Because the PSAC does not plausibly allege that Brio Downtown violated the wage-and-hours laws, the motion to amend to add these defendants is denied as futile.

        IV.    <u>The Motion to Amend Is Granted as to Damien Scoditti's Role at Brio Uptown.</u>

The PSAC alleges, upon information and belief, that Damien Scoditti "served as a principal, officer and/or manager of Defendants Brio Uptown and Brio Downtown." (PSAC ¶ 14.) To the extent that the PSAC makes any claims directed to his role at Brio Downtown, the motion to amend is denied for reasons already explained.

However, the PSAC plausibly alleges that Damien Scoditti had decision-making authority over employment conditions and wages at Brio Uptown. The FLSA defines an

"employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "[T]o be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." Irizarry, 722 F.3d at 109. The PSAC alleges that Damien Scoditti directed, supervised and controlled employee duties, and made decisions about employee hiring, firing and wages at Brio Uptown. (PSAC ¶¶ 57, 59.) It therefore plausibly alleges that Damien Scoditti was an employer under the FLSA and New York Labor Law, and the motion to amend is therefore granted as to the PSAC's claims directed toward Damien Scoditti's role at Brio Uptown.

V.     Plaintiff May Amend to Add Manuel Villa as a Named Plaintiff.

Villa allegedly was employed at defendant Brio Uptown from April 2004 through May 2015, with duties that included cooking, food preparation, cleaning and dishwashing. (PSAC ¶¶ 45-46.) He allegedly worked fourteen-hour shifts six days a week until 2012, when his time was reduced to 66 hours per week. (PSAC ¶¶ 47-48.) Defendants allegedly failed to pay Villa the minimum hourly wage or overtime premium required by the FLSA and NYLL. (PSAC ¶¶ 49-50.)

Plaintiff is granted leave to amend in order to add Villa as a plaintiff. Defendants would not be prejudiced by his inclusion as a plaintiff, and there is no indication of undue delay, bad faith or dilatory motive in such an amendment. Rule 15(a)(2); Dougherty, 282 F.3d at 87-88. The motion is therefore granted as to Villa.

CONCLUSION.

The motion to amend is GRANTED as to adding Manuel Villa as a plaintiff. It is also GRANTED as to Damien Scoditti's role as an employer at Brio Uptown. The Clerk is

directed to amend the caption to include Manuel Villa as a plaintiff and Damien Scoditti as a defendant.

The motion is DENIED in all other respects. The Clerk is directed to terminate the motion. (Docket # 27.) Plaintiff shall file an amended pleading in conformity herewith within fourteen (14) days.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 22, 2015