# KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

ATTORNEYS AT LAW

485 MADISON AVENUE

NEW YORK, NEW YORK 10022-5803

TEL (212) 935-6020

FAX (212) 753-8101

JANE B. JACOBS
E-MAIL ADDRESS: JJACOBS@KLEINZELMAN.COM

October 27, 2015

**VIA ECF**
Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, New York  10007-1312

Re:   **Valencia v. Mavima Restaurant Corp. et al; 15 CV 0701 (PKC)(DF)**

Dear Judge Castel:

    We represent Defendants in this wage claim involving two employees of Defendant Mavima Restaurant Corp.[1]  We are writing to alert you to our anticipated motion to withdraw as counsel; Defendant Massimo Carbone's decision to relieve our firm as counsel and proceed on a *pro se* basis; and to ask that you direct the parties to mediation in a last attempt to resolve this matter prior to the firm's motion to withdraw.

    We note at the outset that there are impending deadlines for completion of depositions (November 16, 2015) and fact discovery (December 1, 2015) that we are asking you to extend as well.

    As we have advised Plaintiffs' counsel, this firm is currently owed substantial sums in fees and Defendants are unable to pay ongoing fees in this case.   In addition, Defendant Mavima has not paid rent to their landlord since July, a debt that is increasing at a rate of $30,000 per month.  The New York State Department of Labor has instituted proceedings involving different employees ("front of the house" employees versus "back of the house" employees) in which the Department of Labor currently believes that those employees are owed more than a half million dollars in wage underpayments.  Most recently, New York State has placed a lien on Mavima's bank account in connection with sales tax owed.  We offered to provide Plaintiffs' counsel with documents substantiating these facts and documents showing that the individual Defendants lack any assets of substance.  Either together or singly, the individual Defendants' assets do not come close to satisfying these claims.

    While these events were occurring, Defendant Massimo Carbone advised that he no longer wished to be represented by our firm, but rather, would appear *pro se*.  We have advised him of all due dates and provided him with a copy of pertinent documents.

---

[1] Although the Complaint it couched in terms of a collective/class action, Plaintiffs have not sought conditional certification.

{00123330;1}

KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

Hon. P. Kevin Castel
Page 2
October 27, 2015

  Based on these facts, we have no choice but to ask to be relieved as counsel; however, given our firm's long association with the Defendants, we are willing to attempt to resolve the case before making the motion.

  We have engaged in some negotiation with Plaintiffs' counsel but we are waiting for a counter offer which has not been forthcoming despite additional prompting. We believe and have advised Plaintiffs' counsel that the totality of Plaintiffs' claims are modest. Given the precarious financial situation of the Defendants, if there is any possibility of resolving this case, this is likely the last moment in which it could happen.

  To obviate the need for our motion and in the hope of resolving the case, we respectfully ask the Court to suspend the discovery deadline and refer the case to mediation. If mediation is unsuccessful, our firm will make a prompt motion to be relieved as counsel and a new schedule can be set.

Respectfully Yours,

Jane B. Jacobs

cc: Steven B. Ross, Esq. (via e-mail)
   Eric Dawson, Esq. (via e-mail)
   Massimo Carbone (via email and first class mail)

{00123330;1}